13-4725
*Yale-New Haven Hospital v. Nicholls, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term, 2015

(Argued: October 16, 2014     Decided: January 22, 2016)

Docket No. 13-4725

─────────────────────────────────────

Yale-New Haven Hospital,
   *Interpleader-Plaintiff,*

*v.*

Claire M. Nicholls,
   *Defendant-Cross-Defendant-Appellee,*

v.

Barbara Nicholls,
   *Defendant-Cross-Claimant-Appellant.*

─────────────────────────────────────

Before:  KEARSE, STRAUB, and WESLEY, *Circuit Judges*.

A petition for panel rehearing having been made by Defendant-Cross-Claimant-Appellant Barbara Nicholls, the petition is hereby **DENIED**.  Judge Wesley dissents from the denial of panel rehearing in a separate opinion.

> KENNETH VOTRE, Votre & Associates, P.C.,  East Haven, CT, *for Defendant-Cross-Claimant-Appellant Barbara Nicholls*.
>
> SUSAN E. NUGENT, Murphy & Nugent, LLC, New Haven, CT, *for Defendant-Cross-Defendant-Appellee Claire M. Nicholls*.

# ORDER

A petition for panel rehearing having been made by Defendant-Cross-Claimant-Appellant Barbara Nicholls, the petition is hereby **DENIED**.

Judge Wesley dissents from the denial of panel rehearing in a separate opinion.

For the Court:

Catherine O'Hagan Wolfe,
Clerk of Court

WESLEY, *Circuit Judge*, dissenting from the denial of panel rehearing:

I dissent from the denial of panel rehearing for the reasons stated in my opinion concurring in part and dissenting in part in *Yale-New Haven Hospital v. Nicholls*, 788 F.3d 79 (2d Cir. 2015).

Shortly before our decision in *Nicholls*, the Supreme Court of Virginia, over the vigorous dissent of three of its members, including the Chief Justice, upheld a state intermediate appellate court opinion that decided substantially the issue presented here. *See Cowser-Griffin v. Griffin*, 771 S.E.2d 660 (Va. 2015), *cert. denied*, No. 14-1531, 2016 WL 100359 (U.S. Jan. 11, 2016). The Virginia appellant then filed an unsuccessful petition for a writ of certiorari in the United States Supreme Court, *see* 2015 WL 3918905 (U.S. June 24, 2015), which the Virginia appellee opposed principally on the ground that the posthumous qualified domestic relations order there assigned to an alternate payee payable ***lump-sum*** benefits, as opposed to ***annuity*** benefits, and thus no conflict existed between the decision of Supreme Court of Virginia and those of other state supreme courts or federal courts of appeals, *see* 2015 WL 7770869 (U.S. Nov. 10, 2015).

1

Without commenting on the merits of such a distinction, I would note that *Nicholls* squarely presents this important ERISA question in the context of annuity benefits.